Nash, C. J.
The question presented in this case arises under the will of James Hinton deceased. The item is as follows : “ 4th. I desire, and direct my executors, to hold and keep, the remainder of my estate, as well real as personal, as a common stock for the benefit of my wife and children, not before mentioned by name, the profits of which to go to the support of the family, and the education of my children ; to keep up the plantation and fence in such manner as he sees best — - for the interest of my. wife and such as are under age or may be disposed to remain with her after the age of twenty one or after marriage ; and to hire out any of the slaves that may not be necessary for carrying on the farm; and the moneys for which hiring to be used for the comfort of my wife and children who may remain with her for the time being. Provided, my beloved wife should again marry? the property real and personal, which is mentioned in this item as a common stock shall be so divided, with all the increase of the same, that my beloved wife may receive her equal portion of all the estate real and personal, of which I may die seised and possessed. . And provided, when any of my children shall arrive at the age of twenty-one, or shall marry, then such child or children, shall, if they so require, take his or her portion of the property, as he or they would be entitled to by law, it being my will and desire that my real estate should not be disposed of otherwise than is provided, until all my children are of lawful age, or are married. When my children arrive at twenty-one? I desire my executors to dispose of the land either *232 in. lots to suit the demand, or in one lot as they may see most desirable for the common interest.” The widow is now dead, never having married. Indiana Hinton, one of the children Of the testator, died after him, an infant, leaving no iSsuo j and two of his children are still infants — are parties, and answers have been filed for them. All the rest of the children are either arrived at twenty-one years, or are married, and under the will have received their shares of the negroes. The petitioners state that in consequence of the children thus withdrawing their portion of the slaves, but seven are left, which belong to the minor heirs Eugenia and Frances — that they are too few to cultivate the plantation to advantage and keep it up — that the plantation is rapidly deteriorating, and if its cultivation shall be continued until the minors come of age, it will be very injurious to thorn; as the proceeds will not equal the interest of their portion of the purchase money of the land if sold, and the hire of their slaves; that lands are now high in market, and slaves hiring high — and the prayer of the bill is for a sale of the land. The leading object of the testator in the devise we are considering, is to provide a home for his infant children, until they should come of age. • That home was to be their mother’s house, as long as she should remain Ms widow. His confidence in her was full. Their interests were hers — and as long as she remained her own mistress, he was willing that interest should be a common one. But a contingency has occurred, for which he has made no provision. She has died his widow, and that home is broken up — There they can no longer reside. They arc still infants. Their brothers and sisters have other homes. What is now to be done with the old homestead ? Are the directions of the testator to be carried out literally, when the reasons which influenced him no longer exist ? Are those directions to be pursued to the manifest injury of those whose interests were so dear to him ? Are they to be injured by the very care their father took to provide for and secure their interests? Can there be a case *233 more illustrative of the legal maxim eesscmte ratione cessat lex ? With great propriety, and a proper attention of the guardian of the minor devisees and legatees, he has filed their answer admitting nothing affecting the interests of his wards —but placing them under the protection of the Court. It is to he much regretted that so few guardians ad litem know or seem to know forvwhat purpose they are appointed — namely, to protect their wards from injury in the Ms pendens. The affidavits of six persons are filed by the plaintiffs, showing that the land cannot be divided by metes and bounds without injury to all the parties concerned, and that the interests of the infants require that it should be sold ; as a contingency has arisen for which the testator did not provide, and as by the death of the widow, the parties, plaintiffs and defendants, have become tenants in common of the lands ; and it is satisfactorily shown that the land cannot be divided without injury to all the parties, and that the interests of all will be advanced by a sale, and particularly the interests of the infants, it must be made. The sale is not under the words of the will, but beside the will, as carrying into effect the intention of the testator, as gathered from the will itself. Indiana, one of the children, died after her father, and before her mother. ■ Her remainder was vested in her, and descends to her heirs and next of kin. Her mother is one of the latter, and having survived her, is entitled to a distributive share of her personal property, including the proceeds of the sale of the land which in Equity is considered as money. The defendant, Mrs. Delia Powell, is entitled to a distributive share of the sale of the land, but must account for the §500 received by her more than her share of the personal property; to ascertain which, there may be a reference to the master, if the parties cannot agree. Let it be so declared.